**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERNESTO SOSA-PARIS,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. CV 10-552-TUC-CKJ<br>CR 09-1690-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

I. *Background*

On August 12, 2009, Petitioner Ernesto Sosa-Paris ("Sosa-Paris") was indicted on one count of Illegal Re-Entry After Deportation. On September 29, 2009, Sosa-Paris pleaded guilty to the Indictment; there was no plea agreement between Sosa-Paris and the government. On March 3, 2010, Sosa-Paris appeared for sentencing before the Hon. Marvin E. Aspen. The pre-sentence report indicated that, with a criminal history of V, the guideline range was 77 to 96 months. Sosa-Paris did not file any objections to the pre-sentence report. Sosa-Paris was sentenced to a term of seventy-seven (77) months in the custody of the Bureau of Prisons to be followed by a thirty-six (36) month term of supervised release.

On or about September 13, 2010, Sosa-Paris filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The government has filed a response.

1 II. *Ineffective Assistance of Counsel – Sentencing*

2     The Ninth Circuit Court of Appeals has recognized that a claim of ineffective assistance
3 of counsel at sentencing may be appropriately raised in a 2255 motion where a defendant has
4 not expressly waived the right to argue ineffective assistance of counsel in a 2255 motion. *See*
5 *United States v. Nunez*, 223 F.3d 956 (9th Cir. 2000). There has been no such express waiver
6 in this case. To prevail on a claim of ineffective assistance of counsel, Sosa-Paris must satisfy
7 a two prong test, demonstrating: (1) deficient performance, such that counsel's actions were
8 outside the wide range of professionally competent assistance, and (2) that Sosa-Paris was
9 prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90, 104
10 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984); *Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir.
11 1998). "Failure to satisfy either prong of the Strickland test obviates the need to consider the
12 other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

13     The government correctly asserts that Sosa-Paris can only complain of his lawyer's
14 ineffectiveness in relation to how it may have affected the voluntariness of his plea. *Tollett*
15 *v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted
16 in open court that he is in fact guilty of the offense with which he is charged, he may not
17 thereafter raise independent claims relating to the deprivation of constitutional rights that
18 occurred prior to the entry of the guilty plea. He may only attack the voluntary and
19 intelligent character of the guilty plea by showing that the advice he received from counsel
20 was [deficient]."). Indeed, "[a] defendant who pleads guilty upon the advice of counsel may
21 only attack the voluntary and intelligent character of his guilty plea by showing that the
22 advice he received from counsel was not within the range of competence demanded of
23 attorneys in criminal cases." *United States v. Signori*, 844 F.2d 635, 638 (9th Cir.1988), *as*
24 *cited in United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005); *see also United*
25 *States v. Ruiz*, 241 F.3d 1157, 1165 (9th Cir. 2001), *reversed on other grounds, quoting*
26 *DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000) ("a 'decision to enter into a
27 plea agreement cannot be knowing and voluntary when the plea agreement itself is the result
28 of advice outside the range of competence'").

A. *Counsel's Advice Regarding Plea Offer*

Sosa-Paris asserts that counsel was ineffective for failing to pursue a downward departure as part of the fast track program. Sosa-Paris asserts that he was offered a plea agreement that provided for a sentencing range of 51-63 months, but was advised by counsel not to accept the offer "because counsel felt that it was too much time and the defendant would stand a better chance pleading guilty in open court." Motion, Attachment, p. 2. While the offered plea agreement belies Sosa-Paris's claim that counsel failed to pursue a downward departure as part of the fast track program, Sosa-Paris also asserts that his sentence of 77 months was the result of ineffective assistance of counsel because of the misleading advice given be counsel. *See Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) (sentence increase of 15 months as a result of counsel's error constituted prejudice). Sosa-Paris also points out that the court in *United States v. Herrera*, 412 F.3d 577 (5th Cir. 2005), determined that an evidentiary hearing was appropriate to consider whether trial counsel misadvised the § 2255 movant about his possible sentencing exposure and whether movant relied on the misrepresentation in rejecting the government's plea offer.

In its response, the government points out that Sosa-Paris asserted in open court that he was voluntarily entering his plea of guilty and that he was acting voluntarily because he was guilty. Further, during the sentencing proceeding, Sosa-Paris indicated that he was satisfied with counsel's representation. The government also details the advice given by defense counsel to Sosa-Paris as set forth in an affidavit. However, this simply emphasizes that there is a factual dispute as to whether defense counsel told Sosa-Paris not to accept the plea offer because it involved too much time and because Sosa-Paris would stand a better chance pleading guilty in open court. A court is to hold an evidentiary hearing on a § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In the Ninth Circuit, this standard requires an evidentiary hearing where "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v.. Schaflander*, 743 F.2d 714, 717 (9th

1 Cir.1984). In other words, if the Court assumes the truth of specific factual allegations when viewed against the record and a defendant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116 (2003); *see also United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir.2003) (to warrant an evidentiary hearing, a § 2255 motion must allege specific facts which, if true, would entitle an individual to relief).

To the extent that Sosa-Paris asserts that counsel failed to pursue a downward departure based on the fast track program, the Court finds that Sosa-Paris has failed to adequately state any facts to allege a claim of ineffective assistance of counsel. However, Sosa-Paris asserts that he was willing to sign and accept the plea agreement offered by the government, but that he was advised by counsel not to accept the offer "because counsel felt that it was too much time and the defendant would stand a better chance pleading guilty in open court." Motion, Attachment, p. 2. Although the government argues that the plea of guilty was entered into voluntarily, "a 'decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence.'" *United States v. Ruiz*, 241 F.3d 1157, 1165 (9th Cir. 2001), *reversed on other grounds, quoting DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000). Although Sosa-Paris indicated that he was entering the plea voluntarily and that he was satisfied with the assistance of counsel, if Sosa-Paris's "voluntary" decision to enter the plea of guilty to the indictment was based on the alleged ineffective assistance in rejecting the plea offer, it cannot be said that the decision to enter the plea of guilty to the indictment was knowing and voluntary. The Court finds that Sosa-Paris has alleged specific facts that demonstrate "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Murtishaw v. Woodford*, 255 F.3d 926, 940 (9th Cir.2001), *citation and quotation marks omitted*).

Additionally, the government has not disputed Sosa-Paris's assertion that he was offered a plea agreement with a sentencing range of 51-63 months. Because the sentencing

guidelines provided for a sentencing range of 77-96 months following Sosa-Paris's plea of guilty to the indictment, the Court finds Sosa-Paris has alleged specific facts to show that he was prejudiced by the alleged deficiency of counsel.[1] The Court finds an evidentiary hearing on this claim is appropriate.

B. *Counsel's Failure to Seek Three-Level Reduction for Acceptance of Responsibility*

Sosa-Paris asserts that counsel was ineffective for failing to argue for a three level reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1 because the government's decision to not request the third level reduction was arbitrary. Sosa-Paris acknowledges that he received a two level reduction, but asserts that counsel should have argued for an additional reduced level because Sosa-Paris pleaded guilty 38 days after he was indicted. Sosa-Paris also asserts that "he waived his rights to an appeal by not appealing the sentence, did not object to any of the P.S.I. enhancements, which permitted the government to avoid preparing for trial, and also permitted the government and the court to allocate their resources efficiently." Motion, Attachment, p. 5. Therefore, Sosa-Paris asserts that counsel was ineffective for failing to argue that the government's decision not to file a U.S.S.G. § 3E1.1(b) motion was arbitrary. *See United States v. Espinoza-Cano*, 456 F.3d 1136 (government cannot refuse to file motion for reduction on the basis of an unconstitutional motive or arbitrarily, i.e., for reasons not rationally related to any legitimate governmental interest).

The government points out, however, the Sosa-Paris had refused the government's fast-track plea offer – therefore, Sosa-Paris was free to argue for downward departure, reduction of his calculated criminal history category, and any other available reduction not typically authorized by a plea agreement. Sosa-Paris also preserved his right to appeal and

---

[1] The Court notes that, if it is determined that "ineffective assistance of counsel has deprived a defendant of a plea bargain . . . a court may [] order the government to reinstate its original plea offer[.]" *Riggs v. Fairman*, 399 F.3d 1179, 1184 (9th Cir. 2005), *citations omitted*.

- 5 -

collaterally attack his conviction and sentence. The government asserts that, because Sosa-Paris did not agree to waive these challenges and rights, the government did not seek to have a "third point" reduction and that defense counsel did not argue for the "third point" because he understood it was within the government's discretion whether to recommend a third point reduction.[2]

Although Sosa-Paris is correct that the government's decision to not seek the additional one-level reduction cannot be based on an unconstitutional motive or be an arbitrary decision, *United States v. Johnson*, 581 F.3d 994, 1001 (9th Cir. 2009); *Espinoza-Cano*, 456 F.3d at 1136, the Ninth Circuit has held that the government's refusal to move for the third point is not arbitrary or unconstitutional where, as here, a defendant has rejected an appellate and collateral attack waiver provision in a proposed plea agreement. *United States v. Medina-Beltran*, 542 F.3d at 731; *see also United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008) (agreeing with other circuits including the Ninth that defendant is not entitled to a reduction under §3E1.1(b) unless the government files a motion, and that defendant's refusal to waive his right to appeal is a proper basis for government's refusal to file motion), *cert. denied*, 128 S. Ct. 2522 (2008).

In asserting that he waived his appellate rights and objections to enhancements in the pre-sentence reports, Sosa-Paris does not acknowledge a distinction between an enforceable waiver and decision to simply not pursue unwaived rights. Although Sosa-Paris may not have filed a notice of appeal or objected to sentence enhancements, Sosa-Paris had the right to do so. Further, Sosa-Paris did not waive his right to collaterally attack his conviction and sentence. The Court finds that counsel was not ineffective for failing to argue that Sosa-Paris should receive the additional level of reduction. Moreover, because a refusal to waive

---

[2]The government asserts that it may move for a third point reduction for acceptance of responsibility when "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. . . ." U.S.S.G § 3E1.1(b).

appellate rights may be a proper basis for the government's refusal to move for additional level of reduction, *Newson*, 515 F.3d at 378, the Court finds Sosa-Paris has not shown that he has been prejudiced by counsel's alleged deficiency. Therefore, the Court finds the petition, files and records of the case conclusively show that Sosa-Paris is not entitled to relief on this claim.

III. *Appointment of Counsel*

The Court having determined that an evidentiary hearing is necessary in this matter, the Court finds it appropriate to appoint counsel to assist Sosa-Paris. *United States v. Duarte-Higareda*, 68 F.3d 369 (9th Cir. 1995). Sosa-Paris is advised that Andrea L. Matheson will be appointed to represent Sosa-Paris.[3] Counsel's address is:

> Andrea L. Matheson
> 100 N. Stone Ave., # 1003
> Tucson, AZ 85701
> (520) 870-6400

Accordingly, IT IS ORDERED:

1. Sosa-Paris's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) is DENIED in part. Sosa-Paris's claims that counsel was ineffective for failing to pursue a downward departure under the fast track program and was ineffective for failing to argue for a three level reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1 are DENIED.

2. Sosa-Paris's claim that counsel was ineffective by providing poor advice regarding the plea agreement is scheduled for an evidentiary hearing on March 28, 2011, at 2:00 p.m.

3. Andrea L. Matheson is appointed to represent Sosa-Paris in this matter.

---

[3]The Court notes that Sosa-Paris's petition includes a discussion regarding discovery but does not request any specific discovery. The Court declines to order any discovery at this time, but advises the parties that counsel may seek discovery if appropriate.

4. Counsel for the government shall insure that Sosa-Paris is present for the scheduled hearing. Counsel may submit to the Court any motions/proposed orders that will facilitate Sosa-Paris's presence at the hearing.

DATED this 28th day of January, 2011.

_____
Cindy K. Jorgenson
United States District Judge